**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| M.C., by and through his Parents, K.J-C and J.C., and K.J-C and J.C., individually, | No. 4:25-CV-01831 |
| | (Chief Judge Brann) |
| Plaintiffs, | |
| v. | |
| WILLIAMSPORT AREA SCHOOL DISTRICT, | |
| Defendant. | |

**MEMORANDUM OPINION**

**MARCH 18, 2026**

This action was filed under the Individuals with Disabilities Education Act (hereinafter "IDEA") on September 30, 2025.[1] Plaintiffs alleged that Williamsport Area School District (hereinafter "District") violated M.C.'s right to a free appropriate public education.[2] Plaintiffs sought a reversal of a hearing officer's previous decision and order in this case and tuition reimbursement for M.C.'s placement at a private school.[3] After the initial complaint was filed, the District filed a counterclaim seeking the reversal of a different portion the hearing officer's decision that granted M.C. compensatory education.[4]

---

[1] Doc. 1.
[2] *See id.* at 24-25.
[3] *See id.*
[4] *See* Doc. 5.

On December 12, 2025, Plaintiffs filed a motion to supplement the administrative record.[5] The motion has been fully briefed and is now ripe for disposition; for the reasons that follow, it is granted in part and denied in part.

## I.   LAW

Under IDEA, "a party aggrieved by the findings and decision of an administrative panel has the right to bring a civil action in federal court for judicial review."[6] When such a suit is filed, the court shall "(1) receive the records of the administrative proceedings; (2) hear additional evidence at the request of the party; and (3) base its decision on a preponderance of the evidence, as well as grant such relief as it determines appropriate."[7] As referenced by that second requirement, a district court hearing this type of action has explicit authority under IDEA to hear evidence that is not directly in the administrative record.[8]

Ultimately, "whether a district court hears additional evidence is discretionary."[9] In deciding whether to allow additional evidence to come into the record, "a court may neither summarily exclude proffered evidence before evaluating its content; nor may a court grant a party *carte blanche* to introduce

---

[5]   *See* Doc. 9.
[6]   *A.H. by & through K.P. v. Colonial Sch. Dist.*, No. CV 16-726-RGA-MPT, 2017 WL 1395508, at *2 (D. Del. Apr. 17, 2017) (citing 20 U.S.C. § 1415(i)(2)(B)), *aff'd*, 779 F. App'x 90 (3d Cir. 2019).
[7]   *Id.* (citing 20 U.S.C. § 1415(i)(2)(C)).
[8]   *See Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 758 (3d Cir. 1995).
[9]   *M.S. by & through Emily S. v. Downingtown Area Sch. Dist.*, No. 20-CV-5085-JMY, 2022 WL 16531962, at *16 (E.D. Pa. Oct. 28, 2022) (citing *Susan N.*, 70 F.3d at 759).

evidence that was not offered at the administrative hearing, and thus render the administrative proceedings a mere formality."[10]

Instead, a court "must exercise particularized discretion" to determine whether the proffered evidence is "relevant, non-cumulative, and useful."[11] Additionally, "a court must determine whether the party introducing the additional evidence has presented a sufficient justification for not proffering the evidence at the administrative hearing."[12] Finally, it is important to note that allowances of additional evidence "does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony."[13]

When conducting this described analysis, the Court must keep in mind that the central goal of IDEA is "to ensure that each child with disabilities has access to a program that is tailored to his or her changing needs and designed to achieve educational progress."[14] The purpose of exercising "particularized discretion" in this decision is to ensure that the Court considers all evidence that is "relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved."[15] Therefore, the "standard in determining whether to admit the

---

[10] *Id.* (emphasis in original) (citing *Antoine M. v. Chester Upland Sch. Dist.*, 420 F. Supp. 2d 396, 402 (E.D. Pa. 2006)).

[11] *Susan N.*, 70 F.3d at 760.

[12] *Breanne C. v. S. York Cnty. Sch. Dist.*, No. 1:08-1526, 2010 WL 773945, at *1 (M.D. Pa. Feb. 26, 2010) (citing *Susan N.*, 70 F.3d at 760).

[13] *A.H.*, 2017 WL 1395508, at *2.

[14] *Susan N.*, 70 F.3d at 760.

[15] *Id.*

proffered additional evidence" is asking the question of: "would the evidence assist the court in ascertaining whether Congress' goal has been and is being reached for the child involved."[16]

## II.    ANALYSIS

While the briefing on this motion includes a great deal of discussion about the veracity of the exhibits proffered by plaintiff, only two of the exhibits—H and I—can even be properly described as "additional evidence." This is because all of other exhibits are either a part of the administrative record, or the relevant portion of the exhibits are a part of that record.[17] All of these exhibits are  included within "the records of the administrative proceeding."[18] That is to say, that these exhibits — or the links to videos and quotations from articles within them — are properly before

---

[16]    *Id.*

[17]    These exhibits appear in the administrative record as follows. Exhibit A is a copy of the hearing officer's pre-hearing order, which appears in the administrative record. *See* Doc. 8-11. Exhibit B is a copy of the parent's amended statement of issues in the administrative proceeding, while Exhibit G shows emails between them and the hearing officer. *See* Doc. 10, Exs. B & G. Both of these exhibits discuss a YouTube video that explains the utility of the private school's reconstructive language program. *See* Doc. 10, Exs. B & G. But a URL link to that video is already in the administrative record, within the Parent's exhibits. *See* Doc. 8-10 (labeled within parent's exhibits as "P-33"). Both M.C.'s mother's deposition and Dr. Kachmer's deposition, Exhibits C and D of this motion, also appear within the Parent's exhibits within the administrative record. *See* Doc. 8-10 (labeled within parent's exhibits as "P-36" and "P-37"). Exhibit E is a copy of the Parents' written closing argument which appears in the administrative record explicitly. *See* Doc. 8-4. It also appears that URL links to the videos that Plaintiffs are referencing withing that closing arguments are also in the administrative record. *See* Doc. 8-10 (labeled within parent's exhibits as "P-18"). Exhibit G provides a copy of the hearing officer's final decision and order, which are part of the administrative record. *See* Doc. 8-3. Finally, the relevant portion of the article that Plaintiffs submitted as Exhibit J is also contained within the administrative record. *See* Doc. 8-5, at 14-15.

[18]    20 U.S.C. § 1415(i)(2)(C)(i).

the Court and will be considered by the Court. Because these Exhibits proffer material already in the record, they are cumulative and will not be admitted as additional evidence in this case.

However, Exhibits H and I are reports from the new school that M.C. is attending, which detail his progress at that school.[19] These reports were either compiled immediately before or at some time after the hearing officer's decision was rendered. As a result, they were understandably not a part of the administrative proceedings and were not considered by the hearing officer.

The United States Court of Appeals for the Third Circuit has left "open the possibility that an administrative hearing record may be supplemented with evidence concerning relevant events occurring subsequent to the administrative hearing."[20] But it has made clear that such evidence "may be considered only with respect to the *reasonableness* of the district's decision at the time it was made."[21] This means that this evidence cannot be used as a form of "Monday Morning Quarterbacking in evaluating the appropriateness of a child's placement."[22]

At this juncture it is not clear to the Court whether the reports will be relevant to the ultimate disposition of this case. However, the Court also cannot definitively

---

[19]  *See* Doc. 10, Exs. H & I.

[20]  *J.C. v. Upper Darby Sch. Dist.*, No. CV 20-5030, 2022 WL 4473598, at *1 (E.D. Pa. Sept. 26, 2022) (quoting *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 758 (3d Cir. 1995)) (internal quotation marks omitted).

[21]  *Susan N.*, 70 F.3d at 762 (emphasis in original).

[22]  *Id.* (internal quotation marks omitted).

5

state they will be wholly irrelevant to a resolution of this matter. Defendants are correct that these reports are not clearly relevant to an evaluation of the District's decisions about M.C.S's educational program at the time the decisions were made.[23] But there remains a possibility that they could be helpful. Additionally, the hearing officer included a section in his decision about the appropriateness of the private school where M.C. is placed.[24] These reports seem directly relevant to a rebuttal of "the adverse inference" derived in that section about the appropriateness of the placement.[25] Other courts in this circuit have found that when the district "did not have to determine at the time it offered the IEP whether [the private school] was an appropriate placement," additional evidence may still be relevant to and admitted in an IDEA analysis.[26]

While this evidence can only be used to analyze the "reasonableness of the district's decision at the time it was made,"[27] there remains a chance that these reports will assist this Court in determining "whether Congress' goal in enacting the

---

[23] *See* Doc. 11, at 11. For a detailed discussion of why these progress reports may not relevant for this purpose *see Lebron v. N. Penn Sch. Dist.*, 769 F. Supp. 2d 788, 796 (E.D. Pa. 2011).

[24] Doc. 8-3, at 39-40.

[25] *Id.* at 40. Ultimately, this Court believes that these reports may prove "useful in determining whether the goals of the IDEA have been reached for the child involved." *R.G. ex rel. Maria G. v. Downingtown Area Sch. Dist.*, 528 F. App'x 153, 156 (3d Cir. 2013). It is for this reason that these two exhibits will be admitted at this time. But it should be noted that they "may not play a significant role in the final resolution of the case." *See J.C. v. Upper Darby Sch. Dist.*, No. CV 20-5030, 2022 WL 4473598, at *3 (E.D. Pa. Sept. 26, 2022).

[26] *See A.Y. v. Cumberland Valley Sch. Dist.*, 569 F. Supp. 2d 496, 507-08 (M.D. Pa. 2008)

[27] *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 762 (3d Cir. 1995). The Court acknowledges that this evidence can only be used for this purpose. In the event that these reports are utilized to resolve this case, their consideration will be in alignment with this purpose. But at this stage, the Court believes that it would be premature to bar the admission of these reports.

IDEA has been reached for [M.C.]. "[28] Therefore, these reports will be admitted as additional evidence.

To summarize, of the exhibits submitted as additional evidence by Plaintiffs, only Exhibits H and I will be admitted.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Supplement the Administrative Record is granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[28]   *H.M., ex rel. her parents v. Haddon Heights Bd. of Educ.*, No. CIV.094293NLHAMD, 2010 WL 2571976, at *5 (D.N.J. June 22, 2010).