# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.C., by and through his Parents, K.J-C and J.C., and K.J-C and J.C., individually, | No. 4:25-CV-01831 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| WILLIAMSPORT AREA SCHOOL DISTRICT, | |
| Defendant. | |

## MEMORANDUM OPINION

### JUNE 29, 2026

This action was filed under the Individuals with Disabilities Education Act (hereinafter "IDEA") on September 30, 2025.[1] On December 12, 2025, Plaintiffs filed a motion to supplement the administrative record.[2] In March 2026, I granted that motion in part and allowed two exhibits to be admitted as additional evidence.[3]

Now, Plaintiffs have filed two additional motions to supplement the administrative record. Those motions have been fully briefed and are ripe for disposition.[4] For the reasons that follow, both are denied.

---

[1] Doc. 1.

[2] *See* Doc. 9.

[3] Doc. 17.

[4] *See* Docs. 18 & 21.

## I.    LAW

A district court hearing this type of action has explicit authority under IDEA to hear evidence that is not directly in the administrative record.[5] Ultimately, "whether a district court hears additional evidence is discretionary."[6] In deciding whether to allow additional evidence to come into the record, "a court may neither summarily exclude proffered evidence before evaluating its content; nor may a court grant a party *carte blanche* to introduce evidence that was not offered at the administrative hearing, and thus render the administrative proceedings a mere formality."[7]

Instead, a court "must exercise particularized discretion" to determine whether the proffered evidence is "relevant, non-cumulative, and useful."[8] Additionally, "a court must determine whether the party introducing the additional evidence has presented a sufficient justification for not proffering the evidence at the administrative hearing."[9] Finally, it is important to note that allowances of additional

---

[5]    *See Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 758 (3d Cir. 1995).

[6]    *M.S. by & through Emily S. v. Downingtown Area Sch. Dist.*, No. 20-CV-5085-JMY, 2022 WL 16531962, at *16 (E.D. Pa. Oct. 28, 2022) (citing *Susan N.*, 70 F.3d at 759).

[7]    *Id.* (emphasis in original) (citing *Antoine M. v. Chester Upland Sch. Dist.*, 420 F. Supp. 2d 396, 402 (E.D. Pa. 2006)).

[8]    *Susan N.*, 70 F.3d at 760.

[9]    *Breanne C. v. S. York Cnty. Sch. Dist.*, No. 1:08-1526, 2010 WL 773945, at *1 (M.D. Pa. Feb. 26, 2010) (citing *Susan N.*, 70 F.3d at 760).

evidence "does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony."[10]

When conducting this described analysis, the Court must keep in mind that the central goal of IDEA is "to ensure that each child with disabilities has access to a program that is tailored to his or her changing needs and designed to achieve educational progress."[11] The purpose of exercising "particularized discretion" in this decision is to ensure that the Court considers all evidence that is "relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved."[12] Therefore, the "standard in determining whether to admit the proffered additional evidence" is asking the question of: "would the evidence assist the court in ascertaining whether Congress' goal has been and is being reached for the child involved."[13]

## II.   ANALYSIS

Similar to the previous motion to supplement the administrative record, these two motions present several proposed exhibits Plaintiffs would like to see added to the record.[14] Specifically, there are three documents that Plaintiffs have provided.[15]

---

[10]   *A.H. by & through K.P. v. Colonial Sch. Dist.*, No. CV 16-726-RGA-MPT, 2017 WL 1395508, at *2 (D. Del. Apr. 17, 2017).
[11]   *Susan N.*, 70 F.3d at 760.
[12]   *Id.*
[13]   *Id.*
[14]   *See* Docs. 18 & 21.
[15]   *See* Docs. 18 & 21.

Those three documents can be further broken down into two categories: (1) updated student records and (2) a note from M.C.'s Reconstructive Language teacher. I will address each category in turn.

### 1.    Student Records

After two student record documents were admitted into evidence in my disposition of the first motion to supplement the administrative record,[16] Plaintiffs now seek to admit two additional student records.[17] The first is "M.C.'s latest grade report and comments dated March 22, 2026,"[18] while the second is M.C.'s "2026 Annual Spring Assessment."[19]

The Defendant argues that these materials are irrelevant, cumulative, and unhelpful.[20] The United States Court of Appeals for the Third Circuit has left "open the possibility that an administrative hearing record may be supplemented with evidence concerning relevant events occurring subsequent to the administrative hearing."[21] At this juncture, it is not clear to the Court whether the reports will be

---

[16]  *See* Docs. 16 & 17.
[17]  *See* Docs. 18 & 21.
[18]  Doc. 18.
[19]  Doc. 21.
[20]  *See* Doc. 20, at 8-9; Doc. 23, at 5-6. In regard to the grade report, there is some discrepancy in the record as to whether the Defendant opposes entry of it through the second motion to supplement. *See* Doc. 19, at 2. However, because the Defendant submitted a brief in opposition that was partly focused on the submission of this report, the Court will deem them opposed to the admission of it. *See* Doc. 20, at 8-9.
[21]  *J.C. v. Upper Darby Sch. Dist.*, No. CV 20-5030, 2022 WL 4473598, at *1 (E.D. Pa. Sept. 26, 2022) (quoting *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 758 (3d Cir. 1995)) (internal quotation marks omitted).

relevant or useful to the ultimate disposition of this case. However, the Court also cannot definitively state they will be wholly irrelevant to a resolution of this matter. As I stated in a previous memorandum opinion, "the hearing officer included a section in his decision about the appropriateness of the private school where M.C. is placed. These reports seem directly relevant to a rebuttal of the adverse inference derived in that section about the appropriateness of the placement."[22] The same remains true of these reports.[23]

However, there is a new wrinkle involved with the consideration of these reports: the prior admission of M.C.'s student records. The new reports provide grades and test scores that add on to the available grades and scores when the previous records were admitted.[24] While the records reflect increasing metrics, they continue to show a trend of M.C.'s success at the private school, and, in turn the appropriateness of the school placement that the previous reports were introduced to show.[25] There is no additional, non-cumulative purpose proffered for their admittance.[26] As a result, the Court will exclude both student records because they are cumulative of exhibits already in the record.

---

[22]    *M.C. by & through K.J-C v. Williamsport Area Sch. Dist.*, No. 4:25-CV-01831, 2026 WL 767459, at *3 (M.D. Pa. Mar. 18, 2026) (internal citations and quotation marks omitted).

[23]    Just as with the previously admitted school records, they are relevant with the caveat that they can on "only be used to analyze the reasonableness of the district's decision at the time it was made." *Id.* (quoting *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 762 (3d Cir. 1995)).

[24]    *See* Doc. 19, ex. B; Doc. 21, ex. A.

[25]    *See* Doc. 19, ex. B; Doc. 21, ex. A.

[26]    Plaintiffs do say that one of the reports is submitted to rebut the conclusion that Plaintiffs failed to offer assessment data that Gow collected. Doc. 22, at 3. But if that were the goal of these

### 2.    Note from M.C.'s Teacher

The final document sought to be admitted into the administrative record is a note from M.C.'s. Reconstructive Language (RL) teacher at the private school, Ula Zolet.[27] As correctly pointed out by Plaintiffs, in the letter "Ms. Zolet details her intensive work with M.C. on language fundamentals."[28]

As with all proffered evidence in these cases, the question to be asked is if the document is "relevant, non-cumulative, and useful."[29] The Defendant argues that Ms. Zolet's note is insufficient in all three respects.[30] I will only address one of those three requirements, cumulativeness, because it is determinative.[31]

Ms. Zolet testified at the administrative hearing on May 6, 2025.[32] In this testimony, she testified extensively on what reconstructive language is and her involvement with M.C. use of it in her class.[33] She also discussed the use of phonics

---

exhibits, it has already been achieved by the previous admission of student records. Additionally, Plaintiffs argue that one of the documents should be admitted to rebut the hearing officer's alleged prejudice against prospective placements. *See* Doc. 19, at 3-4. But, again, if this were the goal of the exhibit's submission, then it has already been achieved by the admission of the previous student records that show improvement at the private school. The Court simply cannot discern, and the Plaintiffs have not stated, a relevant purpose for these records that was not accomplished by the admission of the previous records.

[27]  Doc. 19, ex. A.
[28]  Doc. 19, at 3.
[29]  *See Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3d Cir. 1995).
[30]  Doc. 20, at 5-8.
[31]  Consideration of both relevance and usefulness also point to excluding this note.
[32]  *See* Doc. 8-7.
[33]  *See id.* at 247-54.

deck cards,[34] tutorials,[35] and M.C.'s projects.[36] These topics encompass nearly the entirety of Ms. Zolet's note, [37] and the aspects that are not discussed in her previous testimony don't seem relevant to any determination of the "reasonableness of the district's decision at the time it was made."[38] Additionally, the Plaintiffs have failed to present "a sufficient justification for not proffering the evidence at the administrative hearing."[39]

Therefore, the Court believes that this note is cumulative of evidence already present in the administrative record and is a prototypical example of "improper embellishment of testimony previously given at an administrative hearing."[40] As a result, the note will be excluded.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Second and Third Motion to Supplement the Administrative Record are denied. Both parties have now submitted their

---

[34]    *See id.* at 244.
[35]    *See id.* at 247-48.
[36]    *See id.* at 249.
[37]    *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 762 (3d Cir. 1995). The extent of additional information that this note provides is extremely limited.
[38]    *See* Doc. 19, ex. A.
[39]    *Breanne C. v. S. York Cnty. Sch. Dist.*, No. 1:08-1526, 2010 WL 773945, at *1 (M.D. Pa. Feb. 26, 2010) (citing *Susan N.*, 70 F.3d at 760). The Plaintiffs would likely proffer an explanation along the lines that the note reflects beliefs that have become more informed since the hearing. But after a review of Ms. Zolet's testimony at the hearing, the Court would not find this argument persuasive. Instead, the Court believes this is more akin to embellishment than further, relevant extrapolation.
[40]    *Susan N.*, 70 F.3d at 759.

respective dispositive motions.[41] When those motions are fully briefed, I will address each with this supplemented administrative record in hand.[42]

   An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[41]   *See* Docs. 26 & 28.

[42]   If either party seeks further supplementation of the administrative record, the Court urges them to consider—before filing an additional motion—whether the material sought to be submitted is relevant, non-cumulative, and useful.